COHEN, J.
The father, A.J., appeals from an order finding his daughter dependent.[1] The child was born prematurely and, as a result, has suffered from numerous health conditions necessitating significant involvement with medical providers. The Department of Children and Families (“the Department”) removed the child from the home and subsequently filed an expedited petition for termination of parental rights as to both parents or, alternatively, for dependency. The crux of the petition alleged that the parents neglected the child’s extensive medical needs, and the child— weighing only fifteen pounds at the age of eighteen months — was failing to thrive.[2]
The testimony presented at trial did not convince the trial court of the need to terminate the father’s parental rights. However, the court found the child to be dependent within the meaning of section 39.811(l)(a), Florida Statutes (2011). In addition to testimony concerning the numerous medical issues confronting the child and evidence of a number of missed medical appointments, the father testified that the parties had been living out of a car for the month preceding the removal of the child. The father blamed various medical providers and the Department for his predicament.
There is no question that these parents have been dealing with an exceptionally difficult situation. The child is in need of constant medical treatment, which has resulted in a depletion of the father’s savings and loss of employment. Equally clear is that the child’s medical needs require the parents to follow up on medical treatment and that their circumstances have hindered their ability to do so.
On appeal, the father argues the evidence presented was insufficient to support a finding of dependency. We disagree. The testimony reflected the need for great vigilance in meeting the child’s medical needs, yet the parents missed nu *982 merous appointments and efforts to contact the parents following those missed appointments proved unsuccessful. “ ‘Necessary medical treatment’ means care which is necessary within a reasonable degree of medical certainty to prevent the deterioration of a child’s condition or to alleviate immediate pain of a child.” § 39.01(43), Fla. Stat. (2011). The testimony reflected that the parents’ failure to follow up on the child’s medical appointments endangered the child’s health and potentially her life. Cf. In re D.J., 9 So.3d 750, 754-55 (Fla. 2d DCA 2009) (finding evidence supported trial court’s finding that child’s return to mother would have resulted in a substantial risk of imminent harm based on mother’s inability to provide child with medical treatment necessary to manage health issues).
The parents and child have had a rough road to navigate and will continue to face monumental obstacles. The purpose of the finding of dependency is not to punish the parents, but rather to help them meet the needs of a very challenged little girl. § 39.501(2), Fla. Stat. (2011).
AFFIRMED.
LAWSON and EVANDER, JJ., concur.

. The mother has not appealed the order under review.

. The child suffered from a lack of oxygen at the time of her birth, severe complex congenital heart disease, ventricular tachycardia, chy-lothorax, renal failure, liver problems, and a seizure. She had open-heart surgery within days of her birth and remained in a neonatal intensive care unit for five months. She was under the care of a gastroenterologist, cardiologist, nephrologist, pulmonologist, developmental specialist, and physical therapist.